EVA L. BACON, BY JOHN L. BACON, HER NEXT FRIEND, AND JOHN L. BACON, INDIVIDUALLY, PLAINTIFFS, v. STANDARD OIL COMPANY, INCORPORATED, AND EDWARD A. JOHNS, DEFENDANTS.

Decided March 10, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Lum, Tamblyn & Colyer* (*Ralph E. Lum,* of counsel).

*Contra, Hanley & Wynne* (*Norman R. Wynne,* of counsel).

PER CURIAM.

This case was tried in the Bergen Circuit and resulted in a verdict for the defendants.

On behalf of the plaintiffs a rule to show cause why the verdict should not be set aside was applied for and allowed, which rule is now before us for consideration.

Three reasons are presented and relied on by counsel of plaintiffs for setting aside the verdict:

(1) Because the verdict is contrary to and against the weight of the evidence. (2) Because the court erred in striking out the answer to the following question propounded to Dr. McCormack, the witness for the plaintiff, by the plaintiffs' counsel: "Assuming, doctor, that that injury or the crushing of that bone of Eva's, had been occasioned by a solid, hard rubber tire, what in your opinion would be the width of the tire that occasioned that injury?" (3) Because the court erred in striking out the answer to the following ques-

tions propounded to Dr. McCormack, witness for the plaintiffs, by plaintiffs' counsel: "Assuming, doctor, that the front tire of the automobile truck which ran over Eva, both the front and rear tires being solid rubber tires; assuming that the front tire was from four to five inches wide and the rear tire from nine to eleven inches wide, in your opinion, which tire on that truck occasioned the injury to Eva's leg?"

As to the first reason that the verdict is contrary to and against the weight of the evidence, a short resume of the facts is all that will be necessary to point out that the verdict is not so clearly against the weight of the evidence as would warrant us to interfere with it.

The minor plaintiff, aged three years, accompanied her mother to a store on Palisade avenue, in Englewood. The trip was made by the mother and child in the family automobile, which on arriving at its destination was parked in front of the store where the purchases were to be made. The store was located in the second building west of the intersection of Dean street. There was another car parked between the intersection of Dean street, and the car of the minor's mother. The mother having completed her purchases, was carrying her bundles in her arm and leading her child by the other hand, and when she reached her automobile she released the child's hand in order to open the door of the automobile, when the child, thus freed from restraint, walked or ran between the parked cars into the roadway and was struck and run over by a passing auto truck of the defendant company, and as a consequence she was seriously injured and mangled.

For the minor plaintiff, it is contended that she was run over by the front wheel of the truck, but the preponderating weight of credible testimony clearly establishes that the minor plaintiff ran into the truck near the rear wheel and was run over by it, and that at the time the vehicle was being operated at a speed of about six miles an hour.

We are unable to comprehend on what theory, under the testimony in the cause, the jury could have arrived at any other verdict than one for the defendants.

We find no merit in reasons two and three, which relate to the rejection of testimony, offered by defendant, by the trial court. We think the testimony was inadmissible. The questions were purely speculative, and even if not, there was no proper foundation laid for their being put to the witness.

Moreover, the questions asked the witness were of a character not subject to opinion evidence, but were to be solved in the ordinary way by a jury, upon facts elicited by the testimony.

The rule in this regard is well stated in *Kuttner* v. *Central Railroad Co.*, 80 *N. J. L.* 11 (at *p.* 14), where, after reciting the questions which had been asked the witness, this court, speaking through the Chief Justice, said: "Each of these questions called for the opinion of the respective witnesses to whom they were addressed upon matters outside the line of their special knowledge; upon matters of mechanics rather than of medical science. The answers to them, if given, would have been without probative force. The opinions of experts, except as to those matters which they have knowledge not acquired by ordinary persons, have no place in judicial procedure. The questions were properly excluded."

The plaintiffs' rule is discharged, with costs.